UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDDIE T. MCLAURIN JR.,

Plaintiff,

v.                                                  Case No. 17-cv-1043-pp

ANTHONY HEILBERGER,

Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On July 27, 2017, the plaintiff, who is representing himself, filed a complaint alleging that Anthony Heilberger—the plaintiff's parole agent—violated the plaintiff's rights. Dkt. No. 1. He also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court may allow someone to proceed without prepaying the filing fee if two conditions are met: (1) the person shows that he is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

A.      Plaintiff's Ability to Pay the Filing Fee

The plaintiff's request to proceed without prepaying the filing fee says that he is unemployed, single and does not have any dependents to support.

1

Dkt. No. 2 at 1. Under "income," he states that he is not working. Id. at 2. Under the "source of income" the plaintiff wrote and scribbled out "SSDI" and under the "amount," he wrote and scribbled out $566.83. Id. He does not list any monthly expenses, and states that he does not own a car or a home, and that he has no cash, checking, savings, or other accounts. Id. While the court has questions about how the plaintiff can live—how he feeds himself, and has a roof over his head (he lists his address on North 47th Street, so he lives somewhere)—if he does not have any income and lists no expenses, the court finds that he likely is not able to pay the filing fee.

B.    Screening

1.    *Standard*

Even though the court has determined that the plaintiff can't pay the filing fee, the court still must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). For this reason, district courts "screen" complaints filed by self-represented plaintiffs to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious,"

although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles in Twombly. First, the court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with

factual allegations. Id. Second, if there are well-pleaded factual allegations,

courts must "assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief." Id. The court is obliged to give the

plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal

construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

Gamble, 429 U.S. 97, 106 (1976)).

2.      *The Substance of the Plaintiff's Complaint*

The plaintiff says that he would like to sue his parole officer "for violating

[his] rights." Dkt. No. 1 at 2. The plaintiff says that his parole officer refuses to

let the plaintiff go places, refuses to let him have a cell phone, refuses to let

him have a friend and a girlfriend, refuses to allow the plaintiff to remove his

ankle bracelet, and requires the plaintiff to do community service. Id. He says

that the parole officer threatens him, telling the plaintiff that if he doesn't

perform the community service the parole officer will lock him up. Id. at 2-3.

Finally, the complaint alleges that the parole officer violates the plaintiff's

rights by "asking about [his] money and food stamps." Id. at 3. The plaintiff

says that he would like to sue the parole officer for every time he gets paid, and

asks for $599,000,000. Id.

Section 1983 of Title 42 prohibits a person who is acting "under color of"

state law from depriving a person of his rights under the laws or Constitution

of the United States. To state a claim under 42 U.S.C. §1983, a plaintiff must

show that: 1) someone deprived him of a right secured by the Constitution or

laws of the United States; and 2) the person who deprived him of that right was

4

acting under color of state law. <u>Buchanan-Moore v. Cty. of Milwaukee</u>, 570

F.3d 824, 827 (7th Cir. 2009) (citing <u>Kramer v. Vill. of N. Fond du Lac</u>, 384

F.3d 856, 861 (7th Cir. 2004)); <u>see also</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 640

(1980).  The court gives a *pro se* plaintiff's allegations, "however inartfully

pleaded," a liberal construction. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)

(quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

The plaintiff states that his parole agent works for the State of

Wisconsin. So the plaintiff has alleged that the defendant acts under color of

state law. But he has not alleged that his parole officer has deprived him of any

rights under *federal* law, or under the *Constitution.* A person does not have a

constitutional right to have a cell phone. Making someone on parole do

community service is not a violation of federal law or the Constitution. Asking a

person questions about his lawyer, or about his food stamps, is not a violation

of federal law or the Constitution.

In fact, most of the things that the plaintiff has alleged that his parole

officer has done are things that parole officers are required to do as part of

their jobs. A probation or parole officer is entitled to immunity from suit "if the

plaintiff['s] allegations against him fall squarely within his duties as a probation

officer." <u>Kaufmann v. U.S.</u>, 840 F. Supp. 641, 656 (E.D. Wis. 1993); <u>see also</u>

<u>Smith v. Gomez</u>, 550 F.3d 613, 619 (7th Cir. 2008) (finding absolute immunity

for a parole agent who placed a parole hold on the plaintiff, and stating that

"when official engaged in activities that are inexorably connected with the

execution of parole revocation procedures and are analogous to judicial action they are entitled to absolute immunity.").

The plaintiff disagrees with the conditions his parole officer is requiring him to follow. There is a process for parolees to follow if they want to challenge the rules of their supervision. Section 28.12 of the Wisconsin Administrative Code explains the offender administrative review process. If the plaintiff disagrees with the conditions of his parole and wants to challenge them, he should start with that process.

If the plaintiff believes that his parole agent has violated a *federal* law, or has violated the *U.S. Constitution,* he can file a new lawsuit under §1983. But a parole agent who requires a parolee to follow the conditions of his parole has not violated the Constitution, and is entitled to immunity. If the plaintiff later files a new lawsuit, he must file a new application to proceed without prepaying the filing fee, with up-to-date information in it.

Finally, the court is aware that it has taken a very long time to review the plaintiff's complaint. The court apologizes to the plaintiff—the court's heavy case load has caused it to fall far behind. The court should have issued this order some time ago.

C.    Conclusion

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **GRANTED**.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Dated in Milwaukee, Wisconsin this 29th day of August, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**